**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JEFFREY S. HALL,                          )
                                          )
        Plaintiff,                )
                                          )
v.                                        )   Case No. CIV-21-354-JAR
                                          )
COMMISSIONER OF THE SOCIAL                )
SECURITY ADMINISTRATION,                  )
                                          )
        Defendant.                )

**OPINION AND ORDER**

Plaintiff Jeffrey S. Hall (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. Claimant completed high school education. Claimant has worked in the past in military service and as a law enforcement officer. Claimant alleges an inability to work beginning September 26, 2012

3

due to limitations resulting from bilateral shoulder problems, hemorrhoids, back issues, bilateral knee issues, bilateral hip issues, severe arthritis, neck problems, sleep apnea, high blood pressure, high cholesterol, allergies, Irritable Bowel Syndrome, depression, anxiety, and Post-Traumatic Stress Disorder.

### Procedural History

On December 27, 2019, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for Supplemental Security Income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 11, 2021, Administrative Law Judge ("ALJ") Bill Jones conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. On June 3, 2021, the ALJ issued an unfavorable decision. On October 26, 2021, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from any

4

severe impairments which restricted his ability to perform basic work activities.

### Error Alleged for Review

Claimant asserts the ALJ erred in (1) failing to properly evaluate the consistency of Claimant's subjective statements with the medical record; (2) failing to give some deference to medical records outside of the relevant period; (3) failing to establish a Residual Functional Capacity ("RFC") for Claimant; and (4) failing to proceed to step five and identify representative jobs which Claimant could perform in the national economy.

### Consistency Analysis

In his decision, the ALJ determined Claimant did not suffer from any severe impairments although he found Claimant had the medically determinable impairment of disorder of the back. (Tr. 17). As a result of his finding at step two, the ALJ did not establish and RFC for Claimant. Id. The ALJ noted that he was only considering the application for a narrow period of time from June 1, 2017 through his date last insured of December 31, 2017. Id.

The medical record during the relevant time is limited. The ALJ stated that he tried to give Claimant as much deference as he

5

could due to the limited relevant time period and that he considered medical records from a short time before and a short time after the relevant period. (Tr. 19). Claimant testified of difficulties with numb legs, radiating pain in his legs, difficulty walking long distances, a need to change positions while sitting and a need to take breaks and use a shopping cart for support. (Tr. 18). He related the effects of an accident upon his health. (Tr. 38-39). The ALJ then stated that Claimant did not limit his condition to the relevant time period and talked mainly about his current condition. (Tr. 18).

The ALJ is required to consider whether a claimant's subjective testimony is consistent with the medical record. well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or

other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ noted that the medical record from 2015 and 2016 – two years prior to the relevant time period – showed mild degenerative changes.  (Tr. 19).  Claimant's primary physician found during a physical examination on November 16, 2017 that Claimant was in "good general health", experienced low back pain but took medication for the condition, had no muscle contractures, spasticity and weakness, was able to bear his full weight without assistance or assistive devices.  (Tr. 638-41).  Claimant was alert and oriented x 4, with normal affect, no focal deficits, and was able to stand without assistance and walked with good balance.

(Tr. 641). As a result, the ALJ considered Claimant's subjective symptoms to not be entirely consistent with the medical record. (Tr. 19). This Court finds no error in this analysis, particularly for the limited period of time at issue in the evaluation. The ALJ gave Claimant deference in reviewing records outside of the relevant time period. But that review did not harvest any further information indicating a severe limitation. Accordingly, the ALJ's decision is supported by substantial evidence on consistency.

### Deference to the Medical Record

Without citing any authority to do so, Claimant contends the ALJ should have considered medical information well outside of the relevant period. "Evidence outside the relevant time period may be considered to the extent that it assists the ALJ in determining disability during the relevant time period." Overstreet v. Astrue, 2012 WL 996608, at *9 (N.D. Okla. Mar. 23, 2012) (unpublished) *citing* Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004)). Evidence outside of the relevant time period, however, is not dispositive. A finding of disability based solely upon evidence outside the relevant time period "would be contrary to the Social Security Act . . . which requires proof of disability during the

8

time for which it is claimed." Pyland v. Apfel, 149 F3d 873, 878 (8th Cir. 1998).

The ALJ properly considered the evidence during the relevant time period as well as evidence both before and after the period in order to determine the severity of the impairments alleged.  He still determined that Claimant's conditions were severe for step two purposes in light of these records.  The ALJ's analysis is supported by the substantial evidence presented by the record.

### RFC and Step Five Assessment

Claimant contends the ALJ should have assessed an RFC and proceeded to determine if jobs existed in the national economy that Claimant could perform despite not finding any severe impairments.  Claimant's main argument is that he could not return to his past relevant work and "is unlikely to be able to perform any work in the national economy as generally performed."  Only Claimant's speculation lends support to this last statement.  Once an ALJ finds that a claimant does not suffer from a severe impairment at step two, he does not proceed to the subsequent steps.  20 C.F.R. § 404.1520(a)(4). Once the ALJ found in this case that Claimant had no severe impairments during the short relevant time period, he had no obligation to proceed further.  No

error is attributed to this issue.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 31st day of March, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE